# EXHIBIT "A"

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-06314-S4**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

CALVIN MOSES;

    Plaintiff,

v.

ROADRUNNER TRANSPORTATION
SERVICES INC and JOHN DOE;

    Defendants.

CIVIL ACTION

      **21-C-06314-S4**

FILE NO. _____

**JURY TRIAL DEMANDED**

### COMPLAINT FOR DAMAGES

COMES NOW PLAINTIFF, by and through counsel of record, and files this Complaint for Damages showing this Honorable Court as follows:

1.

This is an action for personal injury damages arising out of a collision involving a commercial motor vehicle operated by Defendants ROADRUNNER TRANSPORTATION SERVICES INC (hereinafter "ROADUNNER TRANSPORTATION") and its driver, and Plaintiff's vehicle that occurred on Interstate 75/85 on September 29, 2020 in Fulton County, Georgia.

### PARTIES, JURISDICTION, AND VENUE

2.

ROADRUNNER TRANSPORTATION is a foreign corporation authorized to conduct business in the State of Georgia.

3.

ROADRUNNER TRANSPORTATION maintains its principal place of busines in a state other than Georgia.

4.

ROADRUNNER TRANSPORTATION may be served with summons and complaint through its Registered Agent: C T Corporation System at 289 S Culver St, Lawrenceville, GA 30046 in Gwinnett County.

5.

The Federal Motor Carrier Safety Regulations require that every interstate motor carrier (of property or passengers) shall designate a process agent, upon whom court papers may be served in any legal proceeding brought against such motor carrier. This designation shall be made for each State, in which the motor carrier is authorized to operate and for each State traversed during such operations. ROADRUNNER TRANSPORTATION has designated Evilsizor Process Services LLC to be its designated agent of service of process in the State of Georgia.

6.

ROADRUNNER TRANSPORTATION may be served with summons and complaint through the BOC-3 Designated Process Agent: Christy Lamica at 11 Chestnut St. Bloomingdale, GA, 31302.

7.

Once served with process, ROADRUNNER TRANSPORTATION is subject to the jurisdiction of this Court.

8.

ROADRUNNER TRANSPORTATION was properly served with process in this civil action.

9.

ROADRUNNER TRANSPORTATION was sufficiently served with process in this civil action.

10.

Venue in the above-styled civil action is proper in this County and Court as to ROADRUNNER TRANSPORTATION.

11.

At all times material to this Complaint, ROADRUNNER TRANSPORTATION was registered with the United States Department of Transportation's Federal Motor Carrier Safety Administration as a for-hire interstate motor carrier of property.

12.

At all times material to this Complaint, the United States Department of Transportation's Federal Motor Carrier Safety Administration ("FMCSA") assigned ROADRUNNER TRANSPORTATION with USDOT No. 242009.

13.

At all times material to this Complaint, the United States Department of Transportation's Federal Motor Carrier Safety Administration ("FMCSA") assigned ROADRUNNER TRANSPORTATION with MC No. MC- 242009.

14.

At the time of the collision described in this Complaint, Defendant ROADRUNNER TRANSPORTATION was registered with the FMCSA as an interstate motor carrier.

15.

At the time of the collision described in this Complaint, Defendant ROADRUNNER TRANSPORTATION was registered with the FMCSA as a for-hire interstate motor carrier.

16.

At the time of the collision described in this Complaint, Defendant ROADRUNNER TRANSPORTATION was registered with the FMCSA as an interstate motor carrier of property.

17.

At the time of the collision described in this Complaint, Defendant ROADRUNNER TRANSPORTATION was operating as an interstate motor carrier or property.

18.

At all times material hereto, ROADRUNNER TRANSPORTATION was subject to the Federal Motor Carrier Safety Regulations and all subsequent amendments thereto, promulgated, approved, and adopted by the United States Department of Transportation ("USDOT") contained in Title 49 of the Code of Federal Regulations.

19.

At all times material hereto, ROADRUNNER TRANSPORTATION was subject to the Federal Motor Carrier Safety Regulations and all subsequent amendments thereto, promulgated, approved, and adopted by the United States Department of Transportation ("USDOT") contained in Title 49 of the Code of Federal Regulations as approved and /or adopted by the State of Georgia.

20.

At all times material hereto, ROADRUNNER TRANSPORTATION was not permitted to operate a commercial motor vehicle over the public roadways unless it as a motor carrier had obtained and had in effect the minimum levels of financial responsibility as set forth in 49 CFR § 387.9.

21.

At all times material hereto, ROADRUNNER TRANSPORTATION was required 49 CFR § 387.9 to have in effect and did have in effect a policy of motor vehicle insurance with liability limits of at least $750,000.00.

22.

At all times material hereto, ROADRUNNER TRANSPORTATION was required 49 CFR § 387.9 to have in effect and did have in effect a policy of motor vehicle insurance with liability limits of at least $750,000.00.

23.

At all times material hereto, ROADRUNNER TRANSPORTATION was required 49 CFR § 387.9 to have in effect and did have in effect a policy of motor vehicle insurance with liability limits of at least $750,000.00 that was issued by Defendant VELOCITY INSURANCE COMPANY.

24.

At the time of the collision described in this Complaint, defendant ROADRUNNER TRANSPORTATION had automobile liability coverage for compensatory damages that were caused through the negligent operation of the commercial motor vehicle that defendant ROADRUNNER TRANSPORTATION was operating at the time of the subject collision.

25.

The liability coverage for the collision described in this Complaint is being provided to defendant ROADRUNNER TRANSPORTATION through a primary policy of insurance issued by VELOCITY INSURANCE COMPANY, which provides coverage to defendant ROADRUNNER TRANSPORTATION for compensatory damages, including bodily injury, that were caused through the negligent operation of the commercial motor vehicle that defendant ROADRUNNER TRANSPORTATION was operating at the time of the subject collision.

26.

The liability coverage for the collision described in this Complaint is being provided to defendant ROADRUNNER TRANSPORTATION  through a primary policy of insurance issued by VELOCITY INSURANCE COMPANY  and further identified as Policy Number VIC-2016-02, which provides coverage to defendant ROADRUNNER TRANSPORTATION for compensatory damages, including bodily injury, that were caused through the negligent operation of the commercial motor vehicle that defendant ROADRUNNER TRANSPORTATION  was operating at the time of the subject collision.

27.

At the time of the collision described in this Complaint, ROADRUNNER TRANSPORTATION'S DRIVER was operating a commercial motor vehicle over the public roadways in Fulton County, Georgia.

28.

At the time of the collision described in this Complaint, ROADRUNNER TRANSPORTATION'S DRIVER was operating a commercial motor vehicle owned by Defendant ROADRUNNER TRANSPORTATION over the public roadways in Fulton County, Georgia.

29.

At the time of the collision described in this Complaint, ROADRUNNER TRANSPORTATION'S DRIVER was operating a commercial motor vehicle with the permission of Defendant ROADRUNNER TRANSPORTATION over the public roadways in Fulton County, Georgia.

30.

At the time of the collision described in this Complaint, ROADRUNNER TRANSPORTATION'S DRIVER was responsible for the safe and reasonable operation of a commercial motor vehicle over the public roadways within and throughout the State of Georgia.

31.

At all times material hereto, ROADRUNNER TRANSPORTATION'S DRIVER was subject to the Federal Motor Carrier Safety Regulations and all subsequent amendments thereto, promulgated, approved, and adopted by the United States Department of Transportation contained in Title 49 of the Code of Federal Regulations as approved and adopted by the State of Georgia.

32.

At the time of the collision described in this Complaint, Defendant ROADRUNNER TRANSPORTATION'S DRIVER was a permissive driver.

33.

At the time of the collision described in this Complaint, Defendant ROADRUNNER TRANSPORTATION'S DRIVER was a permissive driver and covered by a policy of automobile liability insurance.

34.

At the time of the collision described in this Complaint, Defendant ROADRUNNER TRANSPORTATION'S DRIVER was a permissive driver and covered by a policy of automobile liability issued by VELOCITY INSURANCE COMPANY.

### FACTS

35.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

36.

On September 29, 2020 Defendant ROADRUNNER TRANSPORTATION'S DRIVER was operating the commercial motor vehicle travelling north on Interstate 75/85.

51.

On September 29, 2020, at the same time, Plaintiff was also operating his vehicle travelling north on Interstate 75/85 and was in front of the Defendant.

52.

On September 29, 2020, Plaintiff stopped due to traffic up ahead.

53.

On September 29, 2020, Defendant ROADRUNNER TRANSPORTATION'S DRIVER, backed his tractor-trailer into Plaintiff's vehicle.

54.

After hitting Plaintiff's vehicle, Defendant ROADRUNNER TRANSPORTATION'S DRIVER did not stop but fled the scene of the collision.

55.

ROADRUNNER TRANSPORTATION'S DRIVER failed to operate his tractor-trailer in a safe and prudent manner.

56.

Plaintiff suffered injuries caused by this collision.

57.

Diagram No. 1 is a not to scale diagram depicting the collision described in this Complaint.



Diagram No. 1.

58.

Officer Beaulieu investigated this collision described in this Complaint.

59.

Photo No. 1 is picture of the tractor-trailer that backed into Plaintiff.



Photo No. 1

60.

Defendant ROADRUNNER TRANSPORTATION'S DRIVER violated of OCGA § 40-6-240 at the time of the collision described in this Complaint, which caused the collision described in this Complaint.

61.

Defendant ROADRUNNER TRANSPORTATION's policies and procedures required its driver to report the type of collision described in Plaintiff's Complaint.

62.

Defendant ROADRUNNER TRANSPORTATION's DRIVER did not report the collision described in Plaintiff's Complaint to ROADRUNNER TRANSPORTATION.

63.

Had Defendant ROADRUNNER TRANSPORTATION's DRIVER reported the collision described in Plaintiff's Complaint to ROADRUNNER TRANSPORTATION, it would have conducted its own investigation of the colison.

64.

Defendant ROADRUNNER TRANSPORTATION conducted its own investigation into the cause of the subject collision.

65.

Defendant ROADRUNNER TRANSPORTATION concluded that Defendant ROADRUNNER TRANSPORTATION'S DRIVER violated of OCGA § 40-6-240 at the time of the collision described in this Complaint.

66.

Defendant ROADRUNNER TRANSPORTATION concluded that Defendant ROADRUNNER TRANSPORTATION'S DRIVER violated of OCGA § 40-6-240 at the time of the collision described in this Complaint, which caused the collision described in this Complaint.

67.

Defendant ROADRUNNER TRANSPORTATION concluded that Defendant
ROADRUNNER TRANSPORTATION'S DRIVER was the sole cause of the subject collision.

68.

No act or failure to act on the part of any Plaintiff caused or contributed to the cause of the
collision described in this Complaint.

69.

No act or failure to act on the part of any third party caused or contributed to the collision
described in this Complaint.

70.

No act or failure to act on the part of any third party caused or contributed to the injuries
suffered by Plaintiff in the collision described in this Complaint.

71.

No act or failure to act on the part of the Plaintiff caused or contributed to the cause of his
claimed injuries.

72.

No act or failure to act on the part of any third party caused or contributed to the collision
described in this Complaint.

73.

Plaintiff was an innocent victim of the collision described in this Complaint.

74.

The collision described in this Complaint caused Plaintiff to suffer injuries, losses, and
damages.

75.

Defendant ROADRUNNER TRANSPORTATION agrees that Defendants should fully and fairly compensate Plaintiff for all injuries, losses, and damages that Plaintiff proves were more likely than not caused by the collision described in this Complaint.

76.

Defendant ROADRUNNER TRANSPORTATION'S DRIVER agrees that Defendants should fully and fairly compensate Plaintiff for all injuries, losses, and damages that Plaintiff proves were more likely than not caused by the collision described in this Complaint.

77.

Defendant ROADRUNNER TRANSPORTATION'S DRIVER was an employee of ROADRUNNER TRANSPORTATION at the time of the collision described in this Complaint.

78.

Defendant ROADRUNNER TRANSPORTATION'S DRIVER was acting in the course and scope of his employment with Defendant ROADRUNNER TRANSPORTATION at the time of the collision described in this Complaint.

79.

Defendant ROADRUNNER TRANSPORTATION'S DRIVER was an agent of ROADRUNNER TRANSPORTATION at the time of the collision described in this Complaint.

80.

Defendant ROADRUNNER TRANSPORTATION'S DRIVER was acting in the course and scope of his agency with Defendant ROADRUNNER TRANSPORTATION at the time of the collision described in this Complaint.

## COUNT I - LIABILITY OF DEFENDANT MOTOR CARRIER

## ROADRUNNER TRANSPORTATION SERVICES, INC

81.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

82.

ROADRUNNER TRANSPORTATION was the owner of the tractor-trailer described in this Complaint.

83.

ROADRUNNER TRANSPORTATION was the owner of the tractor-trailer described in this Complaint.

84.

ROADRUNNER TRANSPORTATION was the motor carrier responsible for the hiring, training qualifying and supervising of all drivers operating its commercial motor vehicles, including for ROADRUNNER TRANSPORTATION'S DRIVER.

85.

ROADRUNNER TRANSPORTATION was negligent in the following ways:

a.   Negligently inspecting the commercial motor vehicle that Defendant ROADRUNNER TRANSPORTATION'S DRIVER was operating at the time of the collision described in this Complaint;

b.   Negligently maintaining the commercial motor vehicle that Defendant ROADRUNNER TRANSPORTATION'S DRIVER was operating at the time of the collision described in this Complaint;

c.   Negligently failing to keep the commercial motor vehicle that Defendant ROADRUNNER TRANSPORTATION'S DRIVER was operating at the time of the collision described in this Complaint in proper repair and working order;

d.   Negligently hiring or contracting with Defendant ROADRUNNER TRANSPORTATION'S DRIVER to drive the commercial motor vehicle at issue;

e.   Negligently training Defendant ROADRUNNER TRANSPORTATION'S DRIVER;

f.    Negligently entrusting Defendant ROADRUNNER TRANSPORTATION'S DRIVER
      to drive the commercial motor vehicle in a reasonably safe manner;

g.    Negligently retaining Defendant ROADRUNNER TRANSPORTATION'S DRIVER
      to drive the commercial motor vehicle at issue;

h.    Failing to supervise Defendant ROADRUNNER TRANSPORTATION'S DRIVER;
      and

i.    Otherwise failing to act as a reasonably prudent company under the circumstances.

86.

Defendant ROADRUNNER TRANSPORTATION was also negligent *per se* in the cause of
this collision by operating the subject commercial motor vehicle in violation of O.C.G.A. § 40-6-48.

87.

As a direct and proximate result of the negligence of Defendant motor carrier
ROADRUNNER TRANSPORTATION and its driver, ROADRUNNER TRANSPORTATION'S
DRIVER, in the ensuing collision, Plaintiff's sustained injuries.

88.

Defendant motor carrier ROADRUNNER TRANSPORTATION, and its driver,
ROADRUNNER TRANSPORTATION'S DRIVER are liable for all damages allowed by law for the
injuries, damages, and losses sustained by Plaintiff as a result of the collision described in this
Complaint.

## COUNT II: *RESPONDENT STATE* LIABILITY OF DEFENDANT ROADRUNNER TRANSPORTATION
### FOR NEGLIGENCE OF ITS DRIVER ROADRUNNER TRANSPORTATION'S DRIVER

89.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

90.

At all relevant times, ROADRUNNER TRANSPORTATION'S DRIVER owed the following civil duties to Plaintiff but violated those duties in the following ways:

(a)     Failing to back up properly;

(b)     Failing to maintain proper control of his vehicle;

(c)     Failing to keep a proper lookout for traffic;

(d)     Failing to make reasonable and proper observations while driving;

(e)     Failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

(f)     Failing to drive at a reasonable and prudent speed under the conditions;

(g)     Failing to obey traffic laws;

(h)     Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

91.

Defendant ROADRUNNER TRANSPORTATION'S DRIVER was also negligent *per se* in the cause of this collision.

92.

ROADRUNNER TRANSPORTATION's driver ROADRUNNER TRANSPORTATION'S DRIVER was also negligent *per se* in that she violated a number of laws and regulations governing her operation of a vehicle, including:

(a)     Failing to Back Properly (O.C.G.A. § 40-6-240);

(b)     Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

(c)     Failure to Drive Vehicle at a Reasonable and Prudent Speed Under the Conditions (O.C.G.A. § 40-6-180);

(d)     Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and

(e)     Reckless Driving (O.C.G.A. § 40-6-390).

93.

ROADRUNNER TRANSPORTATION's driver ROADRUNNER TRANSPORTATION'S DRIVER was also negligent *per se* in the cause of this collision by operating the subject tractor-trailer in violation of O.C.G.A. § 40-8-7.

94.

As a direct and proximate result of the negligence of Defendant ROADRUNNER TRANSPORTATION'S DRIVER, Plaintiff sustained injuries, losses and damages.

95.

Defendant ROADRUNNER TRANSPORTATION is responsible and liable for the negligent acts of its driver, ROADRUNNER TRANSPORTATION'S DRIVER, under a theory of *respondeat superior* and control.

96.

As a direct and proximate result of the negligence and negligence *per se* of Defendant ROADRUNNER TRANSPORTATION'S DRIVER, Plaintiff incurred and is entitled to recover special damages, including, but not limited to, past and future medical expenses and past and future lost income, and other miscellaneous expenses, in an amount that will be proved at trial. Plaintiff is also entitled to recover for their general damages, including past and future pain and suffering and related damages.

**COUNT III: COMBINED AND CONCURRING LIABILITY FOR COMPENSATORY DAMAGES**

97.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

98.

Defendant ROADRUNNER TRANSPORTATION and/or its driver, ROADRUNNER TRANSPORTATION'S DRIVER, acted in a manner which either alone, and/or combined and

concurring with the actions of the other such Defendant's acts of negligence described herein, directly and proximately caused the collision and Plaintiff's injuries, losses and damages.

99.

As a direct and proximate result of the negligence of Defendant ROADRUNNER TRANSPORTATION and its driver, ROADRUNNER TRANSPORTATION'S DRIVER, Plaintiff was physically injured, have suffered, and will continue to suffer pain, disability, loss of earning capacity, loss of enjoyment of life, anxiety, and related damages.

100.

As a direct and proximate result of the breaches of duty by Defendant ROADRUNNER TRANSPORTATION and its driver, ROADRUNNER TRANSPORTATION'S DRIVER , Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, lost wages, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

101.

To the extent that a jury awards Plaintiff compensatory damages in this case, Defendant VELOCITY INSURANCE COMPANY is liable to pay Plaintiff such jury award at least up to the limits provided by its automobile liability policy of insurance in effect at the time of the collision.

### COUNT IV: HIT AND RUN PUNITIVE DAMAGES

102.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

103.

"Leaving the scene of an accident was criminalized under OCGA §§ 40-6-270(a) and (c) and 40-6-271, as hit and run, because the public policy of this state mandates that a party to an accident must stop and render aid to those involved in the collision, no matter who caused the collision, and not leave them in a possibly disabled state without aid. *Ga. Power Co. v. Shipp*, 195 Ga. 446, 24 S.E.2d 764 (1943); *Bellamy v. Edwards*, 181 Ga.App. 887, 889(3), 354 S.E.2d 434 (1987); *Battle v. Kilcrease*, 54 Ga.App. 808, 809-810(4), 189 S.E. 573 (1936).

104.

Thus, such act of leaving the scene of a collision without even speaking to the other party, as mandated by statute, was an intentional and culpable act; such conduct demonstrated a conscious indifference to the consequences and an entire want of care as to the victim's well-being, permitting the jury to find that such conduct was of an aggravated and indifferent nature for purposes of imposing punitive damages. *Bellamy v. Edwards*, supra at 889, 354 S.E.2d 434; *Battle v. Kilcrease*, supra at 809-810(4), 189 S.E. 573.

105.

Thus, such conduct alone was sufficient to show aggravated circumstances so as to permit the jury to consider the imposition of punitive damages for such culpable conduct.

106.

In Georgia, "employers or principals may be vicariously liable for punitive damages arising from the acts or omissions of their employees or agents if such tortious conduct is committed in the course of the employer's or principal's business, within the scope of the servant's or agent's employment, and is sufficient to authorize a recovery of punitive damages under OCGA § 51-12-5.1." *May v. Crane Brothers, Inc.* 576 S.E.2d 286 (GA 2003).

107.

Plaintiff is entitled and seeks an award for punitive damages from Defendants ROADRUNNER TRANSPORTATION and its driver, ROADRUNNER TRANSPORTATION'S DRIVER.

## COUNT V: LIABILITY OF DEFENDANT VELOCITY INSURANCE COMPANY

108.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

109.

At the time of the collision described in this Complaint, Defendant VELOCITY INSURANCE COMPANY provided primary, motor vehicle liability coverage to ROADRUNNER TRANSPORTATION.

110.

At the time of the collision described in this Complaint, Defendant VELOCITY INSURANCE COMPANY provided primary, motor vehicle liability coverage to ROADRUNNER TRANSPORTATION and to its driver, Defendant ROADRUNNER TRANSPORTATION'S DRIVER.

111.

At the time of the collision described in this Complaint, in the event of a motor vehicle collision involving the ROADRUNNER TRANSPORTATION motor vehicle that was involved in the subject collision, Defendant VELOCITY INSURANCE COMPANY provided primary, motor vehicle liability coverage to ROADRUNNER TRANSPORTATION and to its driver, Defendant ROADRUNNER TRANSPORTATION'S DRIVER.

112.

Defendant VELOCITY INSURANCE COMPANY provided primary liability coverage to ROADRUNNER TRANSPORTATION in the event of a motor vehicle collision involving the ROADRUNNER TRANSPORTATION tractor-trailer that was involved in the subject collision, as

well as to ROADRUNNER TRANSPORTATION's employees and/or agents, including defendant

ROADRUNNER TRANSPORTATION'S DRIVER

113.

Plaintiff is a third-party beneficiary under said contract or policy of liability insurance.

114.

Plaintiff is entitled to receive payments from Defendant VELOCITY INSURANCE

COMPANY for the tort liability of Defendant ROADRUNNER TRANSPORTATION and its driver,

ROADRUNNER TRANSPORTATION'S DRIVER, in this civil action.

**WHEREFORE**, Plaintiff prays that the following relief be granted:

a)    A trial by jury;

b)    For Summons and Complaint to issue against each Defendant;

c)    For judgment against each Defendant to compensate Plaintiff for past and future

       injuries, losses and damages to be determined by a jury;

d)    For an award of punitive damages to be determine by a jury

e)    For judgment against each Defendant for attorneys' fees and expenses of

       litigation;

f)    Court costs, discretionary costs, and prejudgment interest; and

g)    For all such further and general relief which this Court deems just and proper.


Dated this 26th day of August 2021.

WLG ATLANTA, LLC

/s/ R. Sean McEvoy
R. SEAN MCEVOY
GEORGIA STATE BAR NUMBER 490918
ATTORNEY FOR PLAINTIFF

600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:    470-480-7540
E-MAIL:    SEAN.MCEVOY@WITHERITELAW.COM

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-06314-S4**
**8/26/2021 9:55 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

CALVIN MOSES;

    Plaintiff,

v.

ROADRUNNER TRANSPORTATION
SERVICES INC;
and JOHN DOE;

    Defendants.

CIVIL ACTION

      **21-C-06314-S4**

FILE NO. _____

---

### PLAINTIFF'S FIRST COMBINED INTERROGATORIES
### AND REQUESTS FOR ADMISSIONS SERVED WITH THE COMPLAINT
### TO DEFENDANT ROADRUNNER TRANSPORTATION SERVICES INC.

    COMES NOW Plaintiff in the above-captioned lawsuit and pursuant to O.C.G.A. §§ 9-11-33 and 9-11-36 hereby propound the following Interrogatories and Requests for Admissions to Defendant ROADRUNNER TRANSPORTATION SERVICES INC. (hereinafter ROADRUNNER TRANSPORTATION") for response under oath to the subject interrogatories, pursuant to Rule 33 of the Georgia Civil Practice Act, and as required by law.

### DEFINITIONS

    As used herein, the terms listed below are defined as follows:

    1.  The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders,

invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.  **"Person"** means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.  (a)  **"Identify"** with respect to any **"person"** or any reference to stating the **"identity"** of any **"person"** means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)  **"Identify"** with respect to any **"document"** or any reference to stating the **"identification"** of any **"document"** means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.  **"Similar"** shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used

here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

5. The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

6. Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

7. With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

8. "**Subject Collision**" means the collision described in the Complaint.

9. "**ROADRUNNER TRANSPORTATION**," "**You**", "**Your**," or "**Yours**" means Defendant ROADRUNNER TRANSPORTATION.

10. "**DEFENDANT TRUCK DRIVER**" as used herein refers to and means Defendant Truck Driver described in Complaint.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1**     ROADRUNNER TRANSPORTATION was the owner of the tractor that was involved in the Subject Collision.

**REQUEST NO. 2**     ROADRUNNER TRANSPORTATION was the owner of the trailer that was involved in the Subject Collision.

**REQUEST NO. 3**     At the time of the Subject Collision, ROADRUNNER TRANSPORTATION'S DRIVER was an agent of ROADRUNNER TRANSPORTATION.

**REQUEST NO. 4**     At the time of the Subject Collision, ROADRUNNER TRANSPORTATION'S DRIVER was an employee of ROADRUNNER TRANSPORTATION.

**REQUEST NO. 5**     At the time of the Subject Collision, ROADRUNNER TRANSPORTATION'S DRIVER was an owner operator working for ROADRUNNER TRANSPORTATION under a lease agreement.

**REQUEST NO. 6**     At the time of the Subject Collision, ROADRUNNER TRANSPORTATION'S DRIVER was an owner operator working for ROADRUNNER TRANSPORTATION under a lease agreement, the terms of which complied with the Federal Motor Carrier Safety Regulations.

**REQUEST NO. 7**     At the time of the Subject Collision, ROADRUNNER TRANSPORTATION'S DRIVER was acting within the course and scope of his employment, agency and/or lease with ROADRUNNER TRANSPORTATION.

**REQUEST NO. 8**     At the time of the Subject Collision, ROADRUNNER TRANSPORTATION'S DRIVER was operating the tractor owned by ROADRUNNER TRANSPORTATION.

**REQUEST NO. 9**     At the time of the Subject Collision, ROADRUNNER TRANSPORTATION'S DRIVER was hauling a trailer owned by ROADRUNNER TRANSPORTATION

**REQUEST NO. 10** At the time of the Subject Collision, ROADRUNNER TRANSPORTATION'S DRIVER was operating the tractor-trailer as trained by ROADRUNNER TRANSPORTATION.

**REQUEST NO. 11** ROADRUNNER TRANSPORTATION 's corporate name was properly stated in the Complaint.

**REQUEST NO. 12** Venue is proper in this Court.

**REQUEST NO. 13** Jurisdiction is proper in this Court.

**REQUEST NO. 14** Service of process upon ROADRUNNER TRANSPORTATION in this civil action was proper.

**REQUEST NO. 15** Service of process upon ROADRUNNER TRANSPORTATION in this civil action was legally sufficient.

**REQUEST NO. 16** At all times material hereto, ROADRUNNER TRANSPORTATION'S DRIVER was subject to the Federal Motor Carrier Safety Regulations and all subsequent amendments thereto, promulgated, approved, and adopted by the United States Department of Transportation contained in Title 49 of the Code of Federal Regulations and/or as adopted by the State of Georgia.

**REQUEST NO. 17** At the time of the collision described in this Complaint, defendant ROADRUNNER TRANSPORTATION had automobile liability coverage for compensatory damages that were caused through the negligent operation of the vehicle that defendant ROADRUNNER TRANSPORTATION was operating at the time of the subject collision.

**REQUEST NO. 18** The liability coverage for the collision described in this Complaint is being provided to defendant ROADRUNNER TRANSPORTATION through a primary policy of insurance issued by VELOCITY INSURANCE COMPANY, which provides coverage to defendant ROADRUNNER TRANSPORTATION for compensatory damages, including bodily

injury, that were caused through the negligent operation of the vehicle that defendant ROADRUNNER TRANSPORTATION was operating at the time of the subject collision.

**REQUEST NO. 19**   The liability coverage for the collision described in this Complaint is being provided to defendant ROADRUNNER TRANSPORTATION through a primary policy of insurance issued by VELOCITY INSURANCE COMPANY and further identified as Policy Number VIC-2016-02, which provides coverage to defendant ROADRUNNER TRANSPORTATION  for compensatory damages, including bodily injury, that were caused through the negligent operation of the tractor-trailer that defendant ROADRUNNER TRANSPORTATION  was operating at the time of the subject collision.

**REQUEST NO. 20**   At the time of the collision described in this Complaint, ROADRUNNER TRANSPORTATION was operating a tractor-trailer over the public roadways in Fulton County, Georgia.

**REQUEST NO. 21**   At the time of the collision described in this Complaint, ROADRUNNER TRANSPORTATION'S DRIVER was operating a tractor-trailer owned by Defendant ROADRUNNER TRANSPORTATION over the public roadways in Fulton County, Georgia.

**REQUEST NO. 22**   At the time of the collision described in this Complaint, ROADRUNNER TRANSPORTATION'S DRIVER was responsible for the safe and reasonable operation of a tractor-trailer over the public roadways within and throughout the State of Georgia.

**REQUEST NO. 23**   At the time of the collision described in this Complaint, Defendant ROADRUNNER TRANSPORTATION'S DRIVER was a permissive driver and covered by a policy of automobile liability insurance.

**REQUEST NO. 24**   At the time of the collision described in this Complaint, Defendant ROADRUNNER TRANSPORTATION'S DRIVER was a permissive driver and covered by a policy of automobile liability issued by VELOCITY INSURANCE COMPANY.

**REQUEST NO. 25**   On   September   29,   2020   Defendant   ROADRUNNER TRANSPORTATION'S DRIVER was operating a tractor-trailer travelling north on Interstate 75/85.

**REQUEST NO. 26**   On September 29, 2020, at the same time, Plaintiff was also operating his vehicle travelling north on Interstate 75/85 and was in front of the Defendant.

**REQUEST NO. 27**   On September 29, 2020, Plaintiff stopped due to traffic up ahead.

**REQUEST NO. 28**   On September 29, 2020, Defendant ROADRUNNER TRANSPORTATION'S DRIVER backed into Plaintiff's vehicle.

**REQUEST NO. 29**   After hitting Plaintiff's vehicle, Defendant ROADRUNNER TRANSPORTATION'S DRIVER did not stop but fled the scene of the collision.

**REQUEST NO. 30**   ROADRUNNER TRANSPORTATION'S DRIVER failed to operate his commercial motor vehicle in a safe and prudent manner.

**REQUEST NO. 31**   Plaintiff suffered injuries caused by this collision.

**REQUEST NO. 32**   Diagram No. 1 is a not to scale diagram depicting the collision described in this Complaint.



Diagram No. 1.

**REQUEST NO. 33**     Officer Beaulieu investigated this collision described in this Complaint

**REQUEST NO. 34**     Photo No. 1 is picture of the tractor-trailer that backed into Plaintiff.



Photo No. 1

**REQUEST NO. 35**     Defendant ROADRUNNER TRANSPORTATION'S DRIVER violated of

OCGA § 40-6-240 at the time of the collision described in this Complaint, which caused the

collision described in this Complaint.

**REQUEST NO. 36**    Defendant ROADRUNNER TRANSPORTATION'S DRIVER violated of OCGA § 40-6-240 at the time of the collision described in this Complaint, which caused the collision described in this Complaint.

**REQUEST NO. 37**    Defendant ROADRUNNER TRANSPORTATION's policies and procedures required its driver to report the type of collision described in Plaintiff's Complaint.

**REQUEST NO. 38**    Defendant ROADRUNNER TRANSPORTATION's DRIVER did not report the collision described in Plaintiff's Complaint to ROADRUNNER TRANSPORTATION.

**REQUEST NO. 39**    Had Defendant ROADRUNNER TRANSPORTATION's DRIVER reported the collision described in Plaintiff's Complaint to ROADRUNNER TRANSPORTATION, it would have conducted its own investigation of the colison.

**REQUEST NO. 40**    Defendant ROADRUNNER TRANSPORTATION conducted its own investigation into the cause of the subject collision.

**REQUEST NO. 41**    Defendant ROADRUNNER TRANSPORTATION concluded that Defendant ROADRUNNER TRANSPORTATION'S DRIVER violated of OCGA § 40-6-240 at the time of the collision described in this Complaint.

**REQUEST NO. 42**    Defendant ROADRUNNER TRANSPORTATION concluded that Defendant ROADRUNNER TRANSPORTATION'S DRIVER violated of OCGA § 40-6240 at the time of the collision described in this Complaint, which caused the collision described in this Complaint.

**REQUEST NO. 43**    Defendant ROADRUNNER TRANSPORTATION concluded that Defendant ROADRUNNER TRANSPORTATION'S DRIVER was the sole cause of the subject collision.

**REQUEST NO. 44**    No act or failure to act on the part of any Plaintiff caused or contributed to the cause of the collision described in this Complaint.

**REQUEST NO. 45**    No act or failure to act on the part of any third party caused or contributed to the collision described in this Complaint.

**REQUEST NO. 46**    No act or failure to act on the part of any third party caused or contributed to the injuries suffered by Plaintiff in the collision described in this Complaint.

**REQUEST NO. 47**    No act or failure to act on the part of the Plaintiff caused or contributed to the cause of his claimed injuries.

**REQUEST NO. 48**    No act or failure to act on the part of any third party caused or contributed to the collision described in this Complaint.

**REQUEST NO. 49**    Plaintiff was an innocent victim of the collision described in this Complaint.

**REQUEST NO. 50**    The collision described in this Complaint caused Plaintiff to suffer injuries, losses, and damages.

**REQUEST NO. 51**    Defendant ROADRUNNER TRANSPORTATION agrees that Defendants should fully and fairly compensate Plaintiff for all injuries, losses, and damages that Plaintiff proves were more likely than not caused by the collision described in this Complaint.

**REQUEST NO. 52**    Defendant ROADRUNNER TRANSPORTATION'S DRIVER agrees that Defendants should fully and fairly compensate Plaintiff for all injuries, losses, and damages that Plaintiff proves were more likely than not caused by the collision described in this Complaint.

**REQUEST NO. 53**    Defendant ROADRUNNER TRANSPORTATION'S DRIVER was an employee of ROADRUNNER TRANSPORTATION at the time of the collision described in this Complaint.

**REQUEST NO. 54**    Defendant ROADRUNNER TRANSPORTATION'S DRIVER was acting in the course and scope of his employment with Defendant ROADRUNNER TRANSPORTATION at the time of the collision described in this Complaint.

**REQUEST NO. 55**    Defendant ROADRUNNER TRANSPORTATION'S DRIVER was an agent of ROADRUNNER TRANSPORTATION at the time of the collision described in this Complaint.

**REQUEST NO. 56**     Defendant ROADRUNNER TRANSPORTATION'S DRIVER was acting in the course and scope of his agency with Defendant ROADRUNNER TRANSPORTATION at the time of the collision described in this Complaint.

**REQUEST NO. 57**     "Leaving the scene of an accident was criminalized under OCGA §§ 40-6-270(a) and (c) and 40-6-271, as hit and run, because the public policy of this state mandates that a party to an accident must stop and render aid to those involved in the collision, no matter who caused the collision, and not leave them in a possibly disabled state without aid. Ga. Power Co. v. Shipp, 195 Ga. 446, 24 S.E.2d 764 (1943); Bellamy v. Edwards, 181 Ga.App. 887, 889(3), 354 S.E.2d 434 (1987); Battle v. Kilcrease, 54 Ga.App. 808, 809-810(4), 189 S.E. 573 (1936).

**REQUEST NO. 58**     Thus, such act of leaving the scene of a collision without even speaking to the other party, as mandated by statute, was an intentional and culpable act; such conduct demonstrated a conscious indifference to the consequences and an entire want of care as to the victim's well-being, permitting the jury to find that such conduct was of an aggravated and indifferent nature for purposes of imposing punitive damages. Bellamy v. Edwards, supra at 889, 354 S.E.2d 434; Battle v. Kilcrease, supra at 809-810(4), 189 S.E. 573.

**REQUEST NO. 59**     Thus, such conduct alone was sufficient to show aggravated circumstances so as to permit the jury to consider the imposition of punitive damages for such culpable conduct.

**REQUEST NO. 60**     In Georgia, "employers or principals may be vicariously liable for punitive damages arising from the acts or omissions of their employees or agents if such tortious conduct is committed in the course of the employer's or principal's business, within the scope of the servant's or agent's employment, and is sufficient to authorize a recovery of punitive damages under OCGA § 51-12-5.1." May v. Crane Brothers, Inc. 576 S.E.2d 286 (GA 2003).

**REQUEST NO. 61**    Plaintiff is entitled and seeks an award for punitive damages from Defendants ROADRUNNER TRANSPORTATION and its driver, ROADRUNNER TRANSPORTATION'S DRIVER.

**REQUEST NO. 62**    Unknown Defendant Driver gave a recorded statement to one (1) or more insurance companies that provided liability coverage for the tractor-trailer that DRIVER was driving at the time of the Subject Collision.

**REQUEST NO. 63**    DRIVER had a mobile cellular device present inside his vehicle at the time of the Subject Collision.

**REQUEST NO. 64**    DRIVER had more than one (1) mobile cellular device was present inside his tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 65**    DRIVER was using at least one (1) mobile cellular device in his truck at the time of the Subject Collision.

**REQUEST NO. 66**    DRIVER was using more than one (1) mobile cellular device inside his tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 67**    While at the scene of the collision, DRIVER conversed with at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 68**    While at the scene of the collision, DRIVER texted at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 69**    While at the scene of the collision, DRIVER had a cellular mobile device or a camera that he could have used to take pictures of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 70**    While at the scene of the collision, DRIVER took at least one (1) photograph of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 71**    While at the scene of the collision, DRIVER took video recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 72**    While at the scene of the collision, DRIVER took audio recording(s) of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

## INTERROGATORIES

**INTERROGATORY NO. 1**    Please identify the name of your driver described in Plaintiff's Complaint, along with his last known address, cell phone number, land line number, date of birth and social security number.

**INTERROGATORY NO. 2**    If you contend that plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

**INTERROGATORY NO. 3**    For each liability insurance policy that you had in place at the time of the Subject Collision, state the name of insurer; the policy number; the limits of coverage; the name(s) of all insureds; and whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case. Please note that this interrogatory is requesting information relating to ALL insurance coverage including excess coverage.

Please provide the weight of the subject tractor-trailer at the time of the Subject Collision.

**INTERROGATORY NO. 4**    Explain the relationship between Defendant ROADRUNNER TRANSPORTATION and Defendant Driver at the time of the Subject Collision including his employment status (e.g., leased driver, company driver, etc.), how she was compensated for

driving (e.g., by the hour, by the load, by the mile, salary, or other) and when the relationship began and ended.

**INTERROGATORY NO. 5**     If you maintain that Defendant Driver was not acting within the course and scope of his employment or agency at the time of the Subject Collision, explain the basis for your contention and identify documents and witnesses that support your contention.

**INTERROGATORY NO. 6**     Identify and explain all communications of any kind between Defendant Driver and anyone acting for or on behalf of Defendant ROADRUNNER TRANSPORTATION during the twenty-four (24) hours before and after the Subject Collision. For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

**INTERROGATORY NO. 7**     Identify all Defendant ROADRUNNER TRANSPORTATION 'S policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect for Defendant Driver at the time of the Subject Collision, that dealt with or addressed defensive and/or safe driving practices and procedures.

**INTERROGATORY NO. 8**     Identify all Defendant ROADRUNNER TRANSPORTATION 'S policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions and training applicable to Defendant Driver regarding safe and defensive driving practices and procedures.

**INTERROGATORY NO. 9**     Describe in detail when and how you first became aware that Defendant Driver was involved in the Subject Collision including in your answer the identity of all persons involved in the investigation of the Subject Collision, their role and position and what information was conveyed.

**INTERROGATORY NO. 10**   State whether you maintain that either Plaintiff or any non-party has any responsibility of any kind for causing the ROADRUNNER TRANSPORTATION and/or the damages alleged in the Complaint and provide a detailed description of the basis for your

position, including the identity of all person(s) who have any knowledge regarding this issue and/or all documents evidencing your position.

**INTERROGATORY NO. 11**   Identify all persons who to your knowledge were present at the scene of the Subject Collision at any time in the forty-eight (48) hours after the Subject Collision and explain their role, why they were at the scene and what actions they took.

**INTERROGATORY NO. 12**   Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any claims or defenses raised in this action.  The purpose of this Interrogatory is to identify all witnesses whom Defendant ROADRUNNER TRANSPORTATION believes may have relevant testimony of any kind in connection with this case.

**INTERROGATORY NO. 13**   Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Collision and/or any person or vehicle involved in the Subject Collision.

**INTERROGATORY NO. 14**   Please identify all mechanical defects in your tractor-trailer that caused in whole or in part your driver to lose control of the tractor-trailer and/or the collision described in the Complaint, as well as all documents evidencing the existence of such defect(s) and/or the repair of such defects.

**INTERROGATORY NO. 15**   Please identify all person(s) who have any knowledge or information concerning the inspection, maintenance and repair of the tractor-trailer involved in the collision described in the Complaint, as well as all documents evidencing inspections, maintenance and repair of the subject tractor-trailer.

**INTERROGATORY NO. 16**   Did Defendant ROADRUNNER TRANSPORTATION make any effort to perform any accident review, any avoidable/non-avoidable accident determination, any

root cause analysis, any DOT reportability determination or any type of investigation or analysis to discover the cause(s) or contributing cause(s) of the Subject Collision and/or to evaluate whether your driver should be disciplined for any action or inactions related to the Subject Collision? If so, please identify all person(s) involved, all documents and information reviewed, and all determinations.

**INTERROGATORY NO. 17**   Identify each person Defendant ROADRUNNER TRANSPORTATION expects to call as an expert witness at trial including in your response a summary of each opinion the expert holds in regard to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

**INTERROGATORY NO. 18**   Identify each person who was involved in responding to each of the Requests for Admission served upon you in this civil action.

**INTERROGATORY NO. 19**   Identify each person who provided information to the person verifying these interrogatory responses to be used or potentially used in answering the interrogatories.

**INTERROGATORY NO. 20**   For each of Plaintiff's First Request for Admissions to Defendant ROADRUNNER TRANSPORTATION that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

Served with the Complaint upon all Defendants.

**WLG ATLANTA, LLC**
/s/ R. Sean McEvoy
R. SEAN MCEVOY
GEORGIA STATE BAR NUMBER 490918
***ATTORNEY FOR PLAINTIFF***

600 PEACHTREE ST, NE, SUITE 4010
ATLANTA, GEORGIA 30308
TELEPHONE:     470-480-7540
E-MAIL:     sean.mcevoy@witheritelaw.com

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

21-C-06314-S4
8/26/2021 9:55 AM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of  Gwinnett  County

| For Clerk Use Only | |
|---|---|
| **Date Filed** _____ | **Case Number**  21-C-06314-S4 |
| MM-DD-YYYY | _____ |

**Plaintiff(s)**
Moses          Calvin

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
Roadrunner Transportation Services INC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney**  R. Sean McEvoy          **State Bar Number**  490918          **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                          **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____  **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

Copy from re:SearchGA

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-06314-S4**
**8/26/2021 9:55 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

CALVIN MOSES;

    Plaintiff,

v.

ROADRUNNER TRANSPORTATION
SERVICES INC and JOHN DOE;

    Defendants.

CIVIL ACTION

      **21-C-06314-S4**

FILE NO. _____

**JURY TRIAL DEMANDED**

---

### FIRST COMBINED RULE 34 REQUEST FOR PRODUCTION OF DOCUMENTS TO AND NOTICE OF TAKING DEPOSITION *DUCES TECUM* OF ROADRUNNER TRANSPORTATION SERVICES INC.

PLEASE TAKE NOTICE that on a date to be agreed upon in the future, commencing at a time and place to be agreed upon by the parties, in this civil action, counsel for plaintiff will take the deposition of the corporate representative(s) designated by ROADRUNNER TRANSPORTATION SERVICES INC. (hereinafter referred to herein as "ROADRUNNER TRANSPORTATION") pursuant to O.C.G.A. § 9-11-30(b)(6) on the subjects listed below. Said deposition will be conducted and shall continue from day to day thereafter until completed.

This deposition will be taken upon oral examination before an agent authorized by law to take depositions and may also be recorded by video. This deposition will also be taken for all purposes allowed under the Georgia Civil Practice Act. All corporate designees will be deposed, as well, in his or her individual capacity at the deposition.

### Legal Requirement for Designees

Pursuant to O.C.G.A. § 9-11-30(b)(6), ROADRUNNER TRANSPORTATION shall designate one or more persons to testify about each of the subject matters or DOCUMENTS described herein. Pursuant to O.C.G.A. § 9-11-30(b)(6), ROADRUNNER TRANSPORTATION shall designate one or more officers, directors, or managing agents, or other persons who consent to do so, to testify on its behalf, and ROADRUNNER TRANSPORTATION   may state the matters on which each person designated will testify. Each person so designated by ROADRUNNER TRANSPORTATION shall testify about matters known or reasonably available to the organization.

Each person so designated by ROADRUNNER TRANSPORTATION shall be prepared by ROADRUNNER TRANSPORTATION   to testify as to all information known or reasonably available to ROADRUNNER TRANSPORTATION <u>collectively</u> regarding the subject matter(s) and/or DOCUMENTS for which they are designed.   By producing an unprepared designee, ROADRUNNER TRANSPORTATION may be subjecting itself to the imposition of sanctions. So, please govern yourself accordingly.[1]

---

[1] ""The [organization] must prepare the designee to the extent matters are reasonably available, whether from DOCUMENTS, past employees, or other sources." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (*citation omitted*). That preparation must enable the designee to "give complete, knowledgeable, and binding answers on behalf of the corporation." *Marker v. Union Fid. Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C.1989). If the deponent cannot answer questions regarding the designated subject matter, "the corporation has failed to comply with its [Rule 1.310(b)(6)] obligation and may be subject to sanctions . . . ." *King v. Pratt & Whitney, a Div. of United Techs. Corp.*, 161 F.R.D. 475, 476 (S.D. Fla. 1995)."

## RULE 34 Document Production Required

Pursuant to O.C.G.A. §§ 9-11-30(b)(5) and 9-11-34, ROADRUNNER TRANSPORTATION shall produce within forty-five (45) days of the service of this First Combined Request For Production Of Documents To Defendant And Notice Of Taking Videotaped Deposition *Duces Tecum* Of Defendant all responsive DOCUMENTS described herein.

## Definitions

a. The terms "DOCUMENT" and "DOCUMENTS" are defined broadly to include anything upon which information, data, sound and/or images are contained regardless of media, regardless of how maintained (physically, electronically, or otherwise) and regardless of what it's called. The term includes, but is not limited to, all papers, records, files, correspondence, reports, meeting minutes, memoranda, notes, diaries, notebooks, contracts, agreements, leases, accounts, orders, invoices, statements, bills, checks, vouchers, orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, directives, forms, manuals, journals, electronically stored information, e-mails, e-mail attachments, data sheets, worksheets, statistical compilations, microfilms, computer records (including printouts, files, partitions, hard drives, disks or other magnetic storage media), tapes, photographs (prints, negatives, slides, and electronic), drawings, films, videotapes, pictures, and recordings. Includes all non-identical copies of DOCUMENTS, all attachments to DOCUMENTS, and both the front and rear of all pages that contain content.

b. The term "SUBJECT COLLISION" as used herein is defined as the collision at issue in this case and described in the Complaint.

c. The term "DRIVER" as used herein refers to the driver of ROADRUNNER TRACTOR hauling trailer number L60201 – shown in the photograph set forth in Plaintiff's Complaint.

## Subject Matters and Documents Requested

The subject matters and DOCUMENTS requested are as follows:

## DEFENDANT **ROADRUNNER TRANSPORTATION**

1. ROADRUNNER TRANSPORTATION 'S safety philosophy and mission statements, as such relate to the operation of company vehicles by its employees or agents.

   a. Produce all DOCUMENTS setting forth this safety philosophy.

2. What ROADRUNNER TRANSPORTATION expects of its employee/agent/independent contractor drivers in connection with safety, honor, integrity, veracity, attitude, and the operation of commercial motor vehicles.

    a.  Produce all DOCUMENTS setting forth what ROADRUNNER TRANSPORTATION  expects of its employee/agent/independent contractor drivers in connection with safety, defensive driving, honor, integrity, veracity, attitude, and the operation of commercial motor vehicles.

3. The identity of the ROADRUNNER TRANSPORTATION 'S safety officer that is responsible for ensuring that ROADRUNNER TRANSPORTATION 'S employee/agent/independent contractor drivers are properly trained and actually do drive in a reasonably safe manner and defensively when operating over public roadways, as of date of the SUBJECT COLLISION. If you contend there is no "safety officer," please provide the identity of the person in charge of driving safety at the time of the incident made the basis of this lawsuit, and the person in charge of safety's duties at the time.

4. ROADRUNNER TRANSPORTATION 'S policies, procedures, practices, guidelines, instructions and expectations for its management and/or employee/agent/independent contractor drivers regarding the following areas and all DOCUMENTS that set forth or explain such policies, procedures, practices, guidelines, instructions and expectations:

    a.  ROADRUNNER TRANSPORTATION 'S hiring and employment qualifications for those persons who would be driving commercial motor vehicles;
    b.  Driver qualification;
    c.  Driver training;
    d.  Driving practices;
    e.  Defensive driving;
    f.  Supervision of employee/agent/independent contractor drivers;
    g.  Accident investigation, review (e.g., review board) and reporting;
    h.  Accident preventability and/or root cause determinations;
    i.  Employee discipline;
    j.  Employee termination;
    k.  Document retention.
    l.  Produce all such policies, procedures, practices, guidelines, instructions and expectations, including all DOCUMENTS evidencing the same; and
    m. Produce all DOCUMENTS evidencing or related to the topics described in the foregoing subparts "a" through "k."

5. The relationship (e.g., employee, agent, independent contractor, etc.) between ROADRUNNER TRANSPORTATION and DRIVER throughout the time DRIVER worked with ROADRUNNER TRANSPORTATION .

    a.  Produce all DOCUMENTS evidencing this relationship, including but not limited to contracts, leases or other DOCUMENTS governing the relationship.

6. The manner in which DRIVER was compensated for his work with ROADRUNNER TRANSPORTATION.

    a. Produce all DOCUMENTS evidencing payments made to DRIVER, including but not limited to all settlement statements, drayage statements and any other documentation of charges back to DRIVER.

7. DRIVER's job duties, activities and responsibilities while working for ROADRUNNER TRANSPORTATION as of the date of the SUBJECT COLLISION.

    a. Produce all DOCUMENTS setting forth DRIVER'S job duties, activities and responsibilities while working for ROADRUNNER TRANSPORTATION as of the date of the SUBJECT COLLISION.

8. ROADRUNNER TRANSPORTATION 'S qualification of DRIVER to operate a vehicle while operating such vehicles over public roadways.

    a. Produce all DOCUMENTS used to qualify DRIVER to operate a commercial motor vehicle for ROADRUNNER TRANSPORTATION.

    b. Produce all DOCUMENTS used to qualify DRIVER to drive a commercial motor vehicle for ROADRUNNER TRANSPORTATION.

### DEFENDANT DRIVER

9. DRIVER's medical, physical and psychological condition for the time-period beginning three years before the SUBJECT COLLISION to present. This includes, but is not limited to, any assessment for and treatment for sleep apnea and/or other fatigue related conditions.

    a. Produce all DOCUMENTS evidencing DRIVER'S medical, physical and psychological condition, including but not limited to all medical files, workers compensation files, disability files, and/or drug or alcohol testing files.

10. DRIVER's driving and criminal history for the seven (7) years preceding the SUBJECT COLLISION.

    a. Produce all DOCUMENTS evidencing DRIVER'S driving history and criminal history for the seven (7) years preceding the SUBJECT COLLISION through the present date.

11. All training ROADRUNNER TRANSPORTATION provided to DRIVER having anything to do with defensive driving and the reasonably safe operation of commercial motor vehicles over the public roadways and/or the compliance with the regulations and laws of the State of Georgia.

    a. Produce all DOCUMENTS evidencing the above training, testing to demonstrate that training objectives were met, and/or the successful completion of the above training, as well as supervision in the field showing actual compliance.

    b. Produce all DOCUMENTS and training materials of any kind (presentations, handouts, booklets, books, videos, simulations, tests, answers, answer keys, etc.) that were used in connection with the above training.

12. All supervisory actions, corrective actions, counseling actions, and disciplinary actions of any type ever taken regarding DRIVER, while he has driven for ROADRUNNER TRANSPORTATION. This includes all communication between anyone at ROADRUNNER TRANSPORTATION and DRIVER regarding any safety related issue or employment related issue. This would also include termination in the event that DRIVER has been terminated.

    a. Produce all DOCUMENTS relating to and/or addressing the above subjects.

### DISPATCH AND ROUTING

13. The trip that DRIVER was on at the time of the Subject Collision:
    a. DRIVER'S intended route and whether he had deviated from that route;
    b. Where DRIVER was coming from and where he was going to at the time of the Subject Collision;
    c. When DRIVER was expected at his next stop (when the Subject Collision occurred) and whether he was on time for his expected next stop;

### EQUIPMENT

14. Onboard Systems:

    a. The identification of all systems and devices of any kind that were on the vehicle operated by DRIVER at the time of the Subject Collision that are capable of monitoring, capturing, recording, and/or transmitting any data and/or communications (e.g., EOBR; GPS, satellite, cellular and other systems; engine, powertrain and brake control modules; trip or event recorders, lane departure warning systems, communication systems, onboard camera systems, etc.);

    b. Explanation of how each system and device operates, what data it is capable of monitoring, capturing, recording, and/or transmitting, how such data is stored and retrieved and what reports are capable of being run based upon the data and/or communications;

    c. The steps taken by anyone to preserve and, if applicable, to download the above-referenced data and communications;

    d. All persons involved in the process of preserving and/or downloading and/or analyzing the referenced data and communications;

    e. All data, communications and reports of any kind from each system and device that contains any data, information, depiction and/or communications related to the vehicle at issue within seventy-two (72) hours of the Subject Collision;

    f.   Produce all of the above referenced data and communications and all reports related thereto; and

    g.   Produce all DOCUMENTS showing the purpose, capabilities functionalities, and operation of each such on-board system. including but not limited to all training materials, service contracts, manuals, instructions, and handbooks provided by the vendor supplying each on-board system and all materials created by ROADRUNNER TRANSPORTATION   regarding the use and operation of each on-board system.

15.   The weight of the tractor-trailer at the time of the Subject Collision.

    a.   Produce all DOCUMENTS showing same.

16.   The speed of the tractor-trailer at the time of the Subject Collision.

    a.   Produce all DOCUMENTS showing same.

17.   Whether DRIVER performed a proper pre-trip inspection prior to operating the tractor-trailer  on the date of the Subject Collision.

    a.   Produce all pre-trip and post-trip driver inspections of the vehicle involved in the Subject Collision for the thirty (30) days leading up to and including the collision at issue and for the thirty (30) days following the Subject Collision.

18.   ROADRUNNER TRANSPORTATION   inspection and maintenance of the subject tractor-trailer  for the period beginning 30 days prior to the date of the collision and ending 30 days after such date.

    a.   Produce all DOCUMENTS evidencing all such inspections and maintenance.

## SUBJECT COLLISION

19. The identity of each employee/agent/independent contractor of ROADRUNNER TRANSPORTATION, who came to the scene of the Subject Collision, each such person's position with ROADRUNNER TRANSPORTATION , why each such person came to the scene, and what each such person did at the scene, as well as the substance of communications made by each such person and any other person at the scene.

    a.   Produce all DOCUMENTS generated by each employee/agent/independent contractor of ROADRUNNER TRANSPORTATION, who came to the scene of the Subject Collision, evidencing the Subject Collision and/or communications made bey each such person and any other person at the scene.

20. The identity of each employee of ROADRUNNER TRANSPORTATION, who in the ordinary course of ROADRUNNER TRANSPORTATION 'S business has been involved in any way in the investigation of the SUBJECT COLLISION, all steps taken by each such person during any such investigation, all evidence, information, and/or facts collected by each such person, the conclusions reached by each such person.

   a. Produce all DOCUMENTS generated by each such person and/or ROADRUNNER TRANSPORTATION concerning the investigation of the SUBJECT COLLISION and conclusions reached regarding the cause and/or contributing factors leading to the same.

21. The identity of each person who communicated with DRIVER regarding the SUBJECT COLLISION.

   a. Produce all DOCUMENTS memorializing or evidencing to each such communication.

22. ROADRUNNER TRANSPORTATION 'S understandings of how and why the SUBJECT COLLISION occurred; how such could be avoided in the future; all causes of and contributing factors to the SUBJECT COLLISION; and how ROADRUNNER TRANSPORTATION reached these understandings, including all investigations, reviews, evaluations, determinations, and actions by any supervisor, board, group, committee or person(s) concerning preventability, root cause, fault, avoid ability, Dot reportability and/or disciplinary determinations arising from the SUBJECT COLLISION.

   a. Produce all DOCUMENTS evidencing the above.

23. All alcohol and drug tests administered to DRIVER by ROADRUNNER TRANSPORTATION at any time, including following the Subject Collison, and the results thereof.

   a. Produce all DOCUMENTS evidencing such tests, results and any corrective or disciplinary actions arising from the same.

### INSURANCE COVERAGE

24. Insurance coverage available for the claimed losses sustained in this case (including self-insured retentions, deductibles, claims of self-insurance and all primary, umbrella and excess coverages) and all reservation of rights letters sent by any insurer to ROADRUNNER TRANSPORTATION and/or DRIVER in connection with the SUBJECT COLLISION.

   a. Produce all DOCUMENTS evidencing such coverage and limits of coverage and assertions by employees of insurance coverage or of self-insurance.

## DOCUMENT PRODUCTION

25. The purpose and process for the receipt, creation, duplication, and/or storage of the documents responsive to the Request for Production made a part of this Notice of Taking Videotaped Deposition of Defendant ROADRUNNER TRANSPORTATION .

26. All retention and destruction policies and procedures applicable to the documents and/or data responsive to the Request for Production made a part of this Notice of Taking Videotaped Deposition of Defendant ROADRUNNER TRANSPORTATION .

27. The efforts undertaken by ROADRUNNER TRANSPORTATION    to ensure that all DOCUMENTS responsive to the Request for Production made a part of this Notice of Taking Videotaped Deposition of Defendant ROADRUNNER TRANSPORTATION are complete and that all responsive DOCUMENTS have been produced as well as a full and complete explanation as to why any document was not fully produced and/or was withheld from production.

Served with the Complaint.

**WLG ATLANTA, LLC**

/s/ R. Sean McEvoy
R. SEAN MCEVOY
GEORGIA STATE BAR NUMBER 490918
*ATTORNEY FOR PLAINTIFF*

600  PEACHTREE ST NE, SUITE 4010
ATLANTA, GEORGIA 30308
TELEPHONE:    470-480-7540
E-MAIL:      sean.mcevoy@witheritelaw.com

 **CT Corporation**

**Service of Process Transmittal**
08/27/2021
CT Log Number 540149808

TO:     Andrew Mikulecky
        Roadrunner Transportation Services, Inc.
        1100 MILWAUKEE AVE
        SOUTH MILWAUKEE, WI 53172-2013

RE:     **Process Served in Georgia**

FOR:    Roadrunner Transportation Services, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Calvin Moses, Pltf. vs. Roadrunner Transportation Services Inc and John Doe, Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 21C06314S4 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lawrenceville, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/27/2021 at 10:57 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780139481429 |
| | Image SOP |
| | Email Notification,  Andrew Mikulecky  amikulecky@rrts.com |
| | Email Notification,  Eric Allison  eallison@rrts.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>289 S. Culver St.<br>Lawrenceville, GA 30046<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-06314-S4**
**8/26/2021 9:55 AM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Calvin Moses c/o WLG Atlanta

600 Peachtree ST NE, Suite 4010

Atlanta, GA 30308

CIVIL ACTION **21-C-06314-S4**
NUMBER:_____

PLAINTIFF

VS.

Roadrunner Transportation Services INC

c/o C T Corporation System

289 S Culver ST., Lawrenceville, GA 30046

DEFENDANT

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

R. Sean McEvoy
WLG Atlanta, LLC
600 Peachtree ST NE,
Suite 4010
Atlanta, GA 30308

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____**26TH**_____ day of _____**AUGUST**_____, 20___**21**___.

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-06314-S4**
**9/1/2021 10:35 AM**
TIANA P. GARNER, CLERK

## AFFIDAVIT OF SERVICE

| Case: 21-C-06314-S4 | Court: Gwinnett County State Court, State of Georgia | County: Gwinnett, GA | Job: 6055035 |
|---|---|---|---|
| Plaintiff / Petitioner: Calvin Moses | | Defendant / Respondent: Roadrunner Transportation Services Inc; And John Doe | |
| Received by: CGA Solutions | | For: Witherite Law Group, LLC | |
| To be served upon: Roadrunner Transportation Services Inc c/o CT Corporation System, Registered Agent | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Jane Richardson, CT Corporation System: 289 S Culver St, Lawrenceville, GA 30046-4805
**Manner of Service:**   Registered Agent, Aug 27, 2021, 10:15 am EDT
**Documents:**   Summons, Complaint For Damages, First Combined Rule 34 Request For Production Of Documents To And Notice Of Taking Deposition Duces Tecum Of Roadrunner Transportation Services Inc, Plaintiff's First Combined Interrogatories And Requests For Admissions Served With The Complaint To Defend-ant Roadrunner Transportation Services Inc. (Received Aug 26, 2021 at 12:35pm EDT)

**Additional Comments:**
1) Successful Attempt: Aug 27, 2021, 10:15 am EDT at CT Corporation System: 289 S Culver St, Lawrenceville, GA 30046-4805 received by Jane Richardson.
,Agent designated by CT Corporation to accept service

Subscribed and sworn to before me by the affiant who is
personally known to me

_____          8/31/21          _____
Thomas David Gibbs III                 Date

CGA Solutions                                          Notary Public   8/31/21
723 Main Street                                                        Date
Stone Mountain, GA 30083
866-217-8581

10/27/2024
Commission Expires

AMMY ME...
NOTARY
PUBLIC
DEKALB COUNTY, GEORGIA

Copy from re:SearchGA



FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY GA

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

2020 NOV -6  AM 11: 24

RICHARD ALEXANDER, CLERK

IN RE: Permanent Process Servers

Case Number: 20 C 07503-5

### ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2022.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this ___6th___ day of ___November___, 20 _20_.

_____
Presiding Judge
Gwinnett County State Court

Applicant:
Name     Thomas David Gibbs III
Address  1615 Corinth Court
         Stone Mountain, GA 30083
         404-484-2197

Copy from re:SearchGA